(30 Misc. Rep. 438.)

### FITZGERALD v. ELSAS PAPER CO.

(Supreme Court, Appellate Term.   February 8, 1900.)

MASTER AND SERVANT—OBVIOUS RISK.
> Where plaintiff, about 16 years old, slipped from a platform on which he was standing while feeding a cylinder press on which he had worked long enough to be charged with obvious perils, and his leg was injured by a cogwheel, he was not entitled to recover for such injury, whether the wheel was guarded or not, as required by the factory act, since, being of a discretionary age, he waived the protection of the act by continuing to work on the press.

Appeal from municipal court, borough of Manhattan, First district.

Action by John Fitzgerald, by Elizabeth Fitzgerald, his guardian ad litem, against the Elsas Paper Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nadal, Smyth, Carrere & Tafford, for appellant.

MacLEAN, J.   The plaintiff, about 16 years of age, brought this action, by his guardian, to recover damages for personal injuries received in the employment of the defendant.   He testified that while feeding a cylinder press he slipped from a box or platform upon which he was standing; that a cogwheel caught the knee of his trousers, and tore his leg.   Whether that wheel was or was not guarded according to the requirements of the factory act, does not appear.   Assuming, however, that it was not, it does appear that the plaintiff was of discretionary age, and had worked at that press sufficiently long to be charged with obvious perils, and so could and must be held to have waived the protection of the act by accepting the employment, and working and continuing to work upon such a machine.   Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367.   The judgment must, therefore, be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.